**In re Lee Edward KENDRICK & Elizabeth Ann Kendrick, Debtors.**

**Jack E. BROWN, Trustee, Plaintiff,**

**v.**

**SHELTER INSURANCE EMPLOYEES RETIREMENT PLAN and Savings and Profit Sharing Plan for Employees of Shelter Insurance Companies & Elizabeth Ann Kendrick, Defendants.**

**Bankruptcy No. 87–04016–C.**
**Adv. No. 88–0342–C.**

**United States Bankruptcy Court,**
**W.D. Missouri, C.D.**

**Aug. 5, 1988.**

Jerry W. Venters, Jefferson City, Mo., for debtor/defendant.

Victor Tell Neff, Jefferson City, Mo., for plaintiff.

Duane E. Schreimann, Jefferson City, Mo., for Shelter Plans.

Jack E. Brown, Columbia, Mo., Trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

This adversary complaint was filed by the Trustee against Elizabeth Ann Kendrick, one of the debtors, and the Shelter Insurance Employees Retirement Plan and the Savings and Profit Sharing Plan For Employees of Shelter Insurance Companies, two employee benefit plans that Mrs. Kendrick is enrolled in as a result of her employment by Shelter Insurance Company. Said complaint sought turnover of the interest of Mrs. Kendrick in both plans and objected to any exemption claimed by her in either plan.

The two plans are dissimilar in that the Retirement Plan is totally funded by the employer, and requires no action by the employee except that she be employed at least 1000 hours per year and be over the age of 21 years during each such year. As of September 30, 1987, Mrs. Kendrick's present value in said plan was $16,890.00 as actuarially determined, and based on present projections Mrs. Kendrick would be able to draw $474.00 per month if all projections remain constant and employment continued until age 65. Mrs. Kendrick cannot draw anything from the plan presently although if she dies survived by a spouse, the latter would be entitled to draw a small monthly benefit during life. The usual ERISA spendthrift provisions are contained in the plan and it is duly qualified under § 401 of the Internal Revenue Code.

Conversely, Savings and Profit Sharing Plan is jointly funded, i.e., the employee contributes a set sum each month and the employer contributes if, and only if, a profit is realized from the employer's operation. Inasmuch as insurance companies are in the business of collecting premiums rather than paying claims, the evidence indicated that regular contributions have been made annually by Mrs. Kendrick's employer. On September 30, 1987, Mrs. Kendrick's present value in the plan was $6,425.57 with $1,111.06 being attributable to her contributions and $5,314.51 being attributable to her employer's contributions. Mrs. Kendrick may remove money from said fund on the basis of hardship and in fact has twice withdrawn funds from said fund or made loans against same. Withdrawal of funds from either plan creates a tax consequence for the employee and withdrawal before age 59½ creates a tax penalty for the employee.

■ Thus, two questions are posed for the Court. Are the balances in the two plans included in the bankruptcy estate? If so, can a debtor exempt them and under what circumstances? The answer to the first of these is in the affirmative. The Eighth Circuit Court of Appeals in the case of *In re Graham*, 726 F.2d 1268 (8th Cir. 1984) settled the law as to that issue when it stated:

"The question of pension rights is dealt with as a matter of exemption. A debtor's interest in pension funds first comes into the bankruptcy estate. To the extent they are needed for a fresh start they may be exempted out".

The Honorable Dennis J. Stewart, in three detailed opinions, has very clearly established the standards to be used by Bankruptcy Courts in this district and it would not serve this author to even attempt any more detailed or appropriate explanation of the controlling law than Judge Stewart has set out. In any question involving pension, profit sharing, and/or ERISA plans, this Court recommends the reading of the aforesaid three cases as an excellent starting point for counsel. *Matter of Phelps*, Adversary Action No. 86–0024–3, 1986 WL 22174 (Bkrtcy.W.D.Mo. July 28, 1986); *Matter of Boon*, 90 B.R. 988 (Bkrtcy.W.D. Mo.1986) and *Matter of Galbreath*, Adversary Action No. 88–0387–SJ (Bkrtcy.W.D. Mo.1988).

■ This Court then proceeds to the question of exemption under Mo.R.S. 513.-430(10)(e). Although debtor did not originally claim exemption in said plans, debtor did file amended schedules claiming exemption therein under Mo.R.S. § 513.427 and § 513.430(10) as well as 11 U.S.C. § 522(b)(2)(A) and 29 U.S.C. § 1056. Mo. R.S. § 513.427 is merely reinforcement of the Missouri opt-out from the Federal Bankruptcy exemptions and thus adds

nothing to Mo.R.S. § 513.430. That latter section exempts for each debtor.

"The right to receive ... A payment under a stock bonus, pension, profit-sharing, annuity or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of such person and any dependent of such person ..."

Each matter becomes a case by case and factual issue as to what portion, if any, of a plan fund may a debtor exempt. The facts in this case are that debtor is 49 years old, has had one operation for cancer, and has no substantial assets other than her rather limited earning power. Based on debtors' budget and obligations versus debtors' income (or potential income) there is no indication that either of the debtors in the next 16 years will amass any substantial assets or retirement income. The Court finds that in view of Mrs. Kendrick's assets, prospects, health record, and the conditions shown that she should be allowed to exempt the funds in the Retirement or Pension Fund as being reasonably necessary for her future support.

The profit sharing fund is different. Debtor has already withdrawn twice therefrom. In effect, debtor has treated it like a savings account and the Court sees no reason not to so regard it the same way debtor has. Mrs. Kendrick will incur a tax liability and a tax penalty from its withdrawal. The Court believes that the tax liability will be 28% to the Internal Revenue Service, 4% to the State of Missouri and a 10% Excise Tax penalty. Therefore, the Court ORDERS the defendants to turn over to the Trustee 58% of the $6,425.57 in the Savings and Profit Sharing Plan to the Trustee and 42% to Mrs. Kendrick if she chooses to withdraw same for the tax consequences.

SO ORDERED.